## LONG & REESE v. A. DENNIS.

COURT OF APPEALS, AUSTIN TERM, 1881.

*Landlord's Lien on Crops.*—A landlord's lien on crops raised on the premises holds for one month after the same have been removed from the rented premises, and no longer.

*Same—Notice of Lien.*—One who purchases cotton from the sub-tenant without the knowledge of where it was raised, or notice of the landlord's lien, is not liable for the same.

Appeal from the County Court of Bell County.

Opinion by Watts, J.

Appellees sued appellants May 2d, 1878, to recover $395.00, as

rent for land. It is alleged in the petition that appellee rented the land to S. J. Davis for the year 1877, and Davis agreed to pay the sum of $395.00 therefor. That the appellants assumed to pay appellee said amount, in an arrangement by which they were to get control of the cotton raised on the land and ship and have the same sold. And that they did get possession of and ship the cotton and sold it, but refused to pay the debt.

Appellants answered, denying that they had assumed the payment of the Davis debt, and averred that they had agreed to take charge of the cotton and ship the same to Galveston, and have it sold, and pay the proceeds to appellee. That they had never received but seven bales of the cotton and that had been sold for $255.43.

The trial resulted in a verdict and judgment for the appellee for $395. Appellants bring this case before the court by appeal.

The evidence showed that this agreement between appellants and appellee (whatever may have been its terms) was made in December, 1877; also that appellants had purchased some cotton from sub-tenants raised on the land. Their purchases were made as early as August and September, 1877.

The evidence shows that the appellants did not know at the time they purchased and received the cotton that the same was raised on the Dennis land. The court charged the jury in effect that appellants were liable to appellee for the cotton purchased from the sub-tenants. This was erroneous. The land-lord's lien holds for one month after the property has been removed from the rented premises and no longer.

If, as shown, the appellants purchased the cotton from the sub-tenants without the knowledge of where it was raised, or notice of appellee's lien, they would not be liable to appellee for that cotton. The appellants were not chargeable with notice of the land-lord's lien, when they did not know as a matter of fact where the cotton was grown at the time they purchased and paid a valuable consideration therefor. We cannot determine from the record whether the jury found that appellants had unconditionally assumed the payment of the debt, or whether their verdict was based upon the value of the cotton they purchased from the sub-tenants. In other words, it does not appear, from the record, but that the jury were influenced in finding their verdict by the erroneous charge of the court, with reference to the land-lord's lien, &c.

The judgment ought to be reversed and the cause remanded.